IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANTEL JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-23-1824 |
| ACHIKE ORANYE, et al. | * | |
| Defendants. | * | |
| | *** | |

## ORDER

Plaintiff Chantel Johnson filed this civil action together with a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. Johnson alleges generally that defendant Oranye shared her confidential medical information with others without her authorization and points to a series of subsequent events over a period of years as proof that the unspecified information was improperly disseminated. ECF No. 1.

Johnson's Complaint was accompanied by a letter stating that the safety of herself and her daughter "is at jeopardy on a daily basis" and she requests that the "other parties not have access to my personal information." ECF No. 3. Based on Johnson's letter, the Clerk temporarily placed the full case under seal to protect Johnson's interests. Johnson's correspondence also includes a request for "an anonymous filing of the case." *Id.*

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all of the parties. However, in certain circumstances, the district court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in

anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* The United States Court of Appeals for the Fourth Circuit provides five factors to determine whether to grant a request to proceed pseudonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Taking the first factor, Johnson does not state that she is requesting to file anonymously to preserve the privacy of sensitive and highly personal allegations in the case. She instead phrases her request as necessary for the safety of herself and her daughter. She does not address any issue related to sensitive or highly personal allegations. Accordingly, the first *James* factor weighs against permitting Johnson to proceed with a pseudonym.

The second factor considers whether a plaintiff proceeding publicly "poses a risk of retaliatory physical or mental harm." *James*, 6 F.3d at 238. Johnson does not state that she is requesting to file anonymously to reduce the risk of any retaliation. Again, she generally alleges safety concerns with no information indicating the risk of retaliation. Accordingly, the second *James* factor weighs against permitting Johnson to proceed with a pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Johnson does not appear to be a minor, and her age is not a factor. The age of Johnson's daughter, who is not a party, but for whom Johnson generally alleges there is a safety issue, is unknown. The daughter's name is not in the complaint. Accordingly, the third *James* factor weighs against permitting Johnson to proceed with a pseudonym.

The fourth *James* factor considers whether plaintiff's action is against a governmental or private party whose reputation may be harmed unfairly if plaintiff is permitted to proceed anonymously. Johnson names eight defendants that include the Towson District Court of Maryland, St. Joseph Hospital/University of Maryland, organizations, and individuals. "When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D.Va. 2016) (quoting *Yacovelli v. Moeser*, No. CV-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2014)). Unlike actions against private parties, "[a]ctions against the government do no harm to its reputation[.]" *Id.* (quoting *Doe v. Pittsylvania Cty.*, 844 F.Supp.2d 724, 730 (W.D.Va. 2012). The fourth factor does not weigh in favor of granting Johnson a pseudonym because Johnson identifies numerous private individuals and organizations for whom disclosure of Plaintiff's name results in fairness to these parties.

With respect to the fifth *James* factor, the Court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Here, Johnson has filed her true identity, in documents currently placed under seal. Thus, allowing Johnson to proceed pseudonymously would not be unfair to defendants, because Defendants will be fully aware of Johnson's identity. *See Alger*, 317 F.R.D. at 41.

Weighing all of the factors together, Johnson has not met the onerous burden to proceed pseudonymously in this case and her request will be denied. The Court notes that, going forward, Johnson may move to file particular documents under seal or for a protective order pursuant to Fed. R. Civ. P. 5.2 and Fed. R. Civ. P. 26(c), if applicable.

Johnson also requested that "other parties" not have access to her "personal information." ECF No. 3. It is not clear what parties Johnson is referring to, or what personal information she

seeks to protect. Because the Court has denied Johnson's request to proceed with a pseudonym, no rationale remains to generally seal the case. Johnson's request to proceed under seal is denied.[1]

While Johnson's request for a protective order and to file under seal were pending, the Clerk temporarily placed the full case under seal to protect Johnson's interests. Johnson will be provided with an opportunity to voluntarily dismiss her action before the case is unsealed by the Clerk. *See* Local Rule 105.11 (D.Md. 2021).

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Johnson's request to file with a pseudonym or under seal IS DENIED (ECF No. 3);

2. The case and all documents will be unsealed unless Johnson FILES a notice of voluntary dismissal with the Court within 28 days from the date of this Order; and

3. The Clerk is directed to mail a copy of this Order directly to Johnson.

Dated this  13  day of July, 2023.

FOR THE COURT:

James K. Bredar
Chief Judge

---

[1] The Court also notes that Johnson previously filed a case with similar allegations in this Court, without a request to proceed with use of a pseudonym or under seal, and that case is available as a public record. *See Johnson v. McKoy*, Civil Action CCB-18-1142.