IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANTEL JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-01824 |
| ACHIKE ORANYE, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was dismissed without prejudice on October 4, 2023, because Johnson failed to provide the Court with an address at which she can be reached, pursuant to Local Rule 102.1.b.iii (D. Md. 2023). (ECF No. 11.) On March 25, 2024, the Court received correspondence and documents from Johnson, which the Court construes as a Motion to Reopen. (ECF No. 12.) The Court will grant Johnson's Motion to reopen the case, but for the reasons that follow, Johnson's case will be dismissed without prejudice for lack of jurisdiction.

Johnson alleges generally that defendant Oranye, manager of Baltimore City Homeless Outreach, shared her confidential medical information with others without her authorization and points to a series of subsequent events over a period of years as proof that the unspecified information was improperly disseminated. (ECF No. 1.) She names as defendants a broad range of individuals and entities. (*Id.*)

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless

and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Further, the court affords liberal construction to complaints filed by pro se plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The federal rules provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal is mandated here, given the lack of federal jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Even liberally construed, Johnson does not assert any federal claims against any of the Defendants. On the civil cover sheet, Johnson states the nature of suit as assault, libel, and slander; personal injury; and copyright. (ECF No. 1-1.) Of these subjects, the only one that could potentially arise under federal law would be a copyright claim. But to the extent that Johnson seeks to assert a federal copyright claim, nothing in her Complaint indicates any federal copyright violations. Despite the bulk of the Complaint relating to medical records, she makes certain errant comments that a Defendant "is also involved in the intellectual property theft of several songs and other creative works" and makes reference to certain issues regarding the production of a song. (ECF No. 1 at 5, 21–22.) Thus, the Court does not have subject matter jurisdiction over Johnson's claims.[1]

Similarly, the Court does not have diversity jurisdiction over this matter. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the

---

[1] Johnson previously filed an action with similar allegations that was dismissed for lack of jurisdiction. *See Johnson v. McKoy*, Civil Action No. CCB-18-1142.

amount in controversy exceeds $75,000. Diversity jurisdiction requires "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Johnson does not allege complete diversity among parties, as Johnson resides in Maryland, and the majority of the named defendants also reside in and are located in Maryland. Without a jurisdictional basis for a suit in federal court, Johnson may not proceed on her claims in this Court.

Thus, Johnson's Complaint will be dismissed for lack of jurisdiction.

Accordingly, it is ORDERED that:

1. Johnson's Motion to Reopen (ECF No. 12) is GRANTED;

2. Johnson's Complaint is DISMISSED without prejudice for lack of jurisdiction;

2. The Clerk is DIRECTED TO CLOSE this case; and

3. The Clerk is DIRECTED TO SEND a copy of this Memorandum and Order to Johnson.

DATED this 29 day of April, 2024.

BY THE COURT:

/s/ James K. Bredar
_____
James K. Bredar
Chief Judge

3